UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK LAVELL WILLIAMS,<br><br>        Petitioner,<br><br>-against-<br><br>STATE OF NEW YORK; LETICIA JAMES; STATE OF ALABAMA; STATE OF WYOMING; U.S. ATTORNEY OF WYOMING; U.S. ATTORNEY GENERAL,<br><br>        Respondents. | 25-CV-2576 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, who is currently incarcerated in the Sierra Conservation Center in Jamestown, California, brings this amended *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his March 22, 2011 Alabama state court conviction. By order dated June 26, 2025, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court transfers this action to the United States Court of Appeals for the Eleventh Circuit for the reason set forth below.

## BACKGROUND

  Petitioner brings this amended Section 2254 petition challenging his March 22, 2011 Birmingham, Jefferson County, Alabama conviction, following his extradition in 2009 to Alabama from a federal holding facility in Yellowstone National Park in Wyoming. (*See* ECF 14, at 19.) The following facts are drawn from the amended petition.

  In 2006, in Birmingham, Alabama, Respondents in Alabama violated Petitioner's rights when they prosecuted him on charges that were "for the same act, offense, incident that was

dismissed February 06, 2006, and could not be retr[i]ed for the same offense."[1] (*Id.* at 3.) During his proceedings in Alabama, Plaintiff "was exercising his constitutional guaranteed Sixth Amendment Rights[] to self representation during his being detained over 12 months, from 2005 through 2006 at Birmingham[,] Jefferson County, AL." (*Id.* at 7.) During this detention, Petitioner

> filed a complaint against the presiding Circuit Court Judge Clyde E. Jones (of B'ham Jeff. Co. Circuit Court State of Alabama) with the State of Alabama Judiciary Commission 2005, in which the Judicial Commission of the State of Alabama, reprimand and discipline, Judge Clyde E. Jones for telling . . . Petitioner . . . only a fool would represent himself.

(*Id.* at 7-8.) Petitioner also filed a motion to dismiss the Alabama charges, but Judge Jones "never allowed Mr. Williams to be present during February 06, 2006 court proceeding . . . [a]lthough District Attorney Misty Reynolds of State of Alabama, dismissed the case." (*Id.* at 8, 9.)

Petitioner states that in March 2011, he was convicted. (*See id.* at 24) ("[T]his conviction of March 2011 was attained through malicious prosecution (in violation) double jeopardy clause[.]"). Petitioner does not plead facts describing what occurred between February 6, 2006, and March 2011.

According to publicly available records, Petitioner previously filed a Section 2254 petition in the Northern District of Alabama, challenging his March 22, 2011 conviction. In a report and recommendation, a magistrate judge from the Northern District of Alabama provided the following procedural history:

> Williams was indicted for first-degree rape on May 20, 2005. . . . On the State's motion, the case was dismissed without prejudice on February 6, 2006. . . . However, Williams was re-indicted for the same offense on February 10, 2006. . . . Although a warrant was issued for his arrest on February 15, 2006 . . . , that warrant was not executed until December 1, 2009 . . . , after Williams was detained in Wyoming and extradited to

---

[1] The Court quotes from the amended petition verbatim. All spelling, grammar, and punctation are as in the original unless noted otherwise.

> Alabama[.] On March 22, 2011, Williams pleaded guilty in the Circuit Court of Jefferson County, Alabama to the lesser included offense of first-degree sex abuse and received a 10-year split sentence. . . . The state circuit court sentenced Williams to serve one year in custody, after which the unserved portion of his sentence was to be suspended and Williams was to be placed on probation for 36 months. . . . Williams received credit for time served.

*Williams v. Wyoming*, No. 09-CV-0352 (N.D. Ala. June 30, 2016) (report and recommendation; Dkt. No. 31). The Northern District of Alabama (1) dismissed Petitioner's "claims challenging the process associated with the first-degree rape charge filed against him in 2005 and his arrest and detention by Wyoming authorities and extradition to Alabama," for lack of jurisdiction, and (2) denied his claims challenging the validity of his 2011 sex abuse conviction pursuant to a guilty plea . . . as time-barred and procedurally defaulted[.]" *Id.* at 15; Dkt. No. 33 (order adopting report and recommendation).

## DISCUSSION

Petitioner seeks to challenge the legality of his Alabama state court conviction entered on March 22, 2011. As noted above, publicly available court records show that Petitioner filed a previous application for relief under Section 2254 challenging the same conviction. *See Williams v. Wyoming*, No. 09-CV-0352 (N.D. Ala. June 30, 2016). Because Petitioner's previous application for relief under Section 2254 was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

Before a second or successive Section 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Eleventh Circuit for permission to pursue this application.

## CONCLUSION

In the interest of justice, the Court transfers this petition to the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95

F.3d 119, 122-23 (2d Cir. 1996) (per curiam). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he may move in the United States District Court for the Northern District of Alabama.

The Court directs the Clerk of Court to terminate the motions at ECF 11, 15, 16, and 18.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 8, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                          Chief United States District Judge