UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK LAVELL WILLIAMS,

Petitioner,

-against-

STATE OF NEW YORK, et al.,

Respondents.

25-CV-2576 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 8, 2025, the Court transferred this action to the Court of Appeals for the Eleventh Circuit for authorization under 28 U.S.C. § 2244(b)(3)(A) to proceed with this successive petition for a writ of *habeas corpus*. On November 17, 2025, this court's Clerk's Office transferred the action to the Eleventh Circuit. On November 20, 2025, the Clerk's Office received Petitioner's motion for discovery and other relief, which he signed on or about November 9, 2025. By order dated December 5, 2025, the Eleventh Circuit dismissed the transferred action without prejudice, finding that Petitioner "is no longer in custody for the 2011 Alabama conviction, [Petitioner] himself did not move for our permission to file a second or successive § 2254 petition, and it is unclear whether the [transferred action] should be construed as such an application." *In re: Derrick Lavell Williams*, No. 25-14046 (11th Cir. Dec. 5, 2025). On January 13, 2026, the Clerk's Office received Petitioner's motion for medical records, signed by Petitioner on January 7, 2026. For the following reasons, the Court denies both motions.

**DISCUSSION**

The physical transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The Clerk's Office of this court transferred this action to the Eleventh Circuit on November 17, 2025, after Petitioner

signed and submitted his motion for discovery and other relief. The Court therefore has jurisdiction to consider this motion. The Court denies the motion as moot, however, because the Eleventh Circuit dismissed the transferred action.

The Court is divested of jurisdiction to consider Petitioner's January 13, 2026 motion for medical records and denies the motion on this basis.

**CONCLUSION**

The Court denies the motion to compel discovery (ECF 22) as moot and directs the Clerk of Court to terminate the motion. The Court also denies the motion requesting medical records (ECF 25) because the Court lacks jurisdiction to consider the motion. The Clerk of Court is therefore directed to terminate the motion at ECF 25.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: August 17, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge